(161 App. Div. 511)

### SWAN v. PACKER.

(Supreme Court, Appellate Division, Second Department. March 20, 1914.)

WILLS (§ 634*)—CONSTRUCTION—ESTATE CONVEYED—VESTED REMAINDER.

Testator devised to his son a specified piece of land, and then provided that at the son's death the premises should go to and immediately vest in testator's three grandchildren named and to their heirs and assigns forever. He further provided that all of such premises devised to the grandchildren should be equally divided between them when they should respectively arrive at the age of 21, but if any one or more of them should die before arriving at that age, or "at any other time," leaving no living descendant or descendants, then his, her, or their share or shares should immediately vest in and go to the survivor, or survivors, of them. *Held,* that the words "at any other time" were merely substitutionary, and meant at any other time during the life of testator, so that the grandchildren acquired a vested remainder in fee free from condition, under the rule that, where there is a devise to one person without restriction, and, in case of his death, to another, the contingency referred to is the death of the first-named devisee during the lifetime of the testator, so that if he survives the testator he takes an absolute fee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Submission of controversy between Alden S. Swan against Flavius Packer. Judgment for plaintiff.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

John F. Couch, of New York City, for plaintiff.
George C. Austin, of New York City, for defendant.

STAPLETON, J. Pursuant to the provisions of section 1279 of the Code of Civil Procedure, the parties herein have submitted, upon agreed facts, the question in difference between them for the determination of this court. The agreed facts are:

The defendant obtained from the plaintiff, with an option of purchase, a written lease of certain farm lands situate at Pawling in Dutchess county, this state. The defendant exercised the option, but refused the title tendered. The sole ground of his refusal was that one William Dodge, one of plaintiff's predecessors in title, was never seised of an alienable estate in fee in certain parcels of the lands.

The said William Dodge was one of three grandchildren of Joseph Dodge, who died in 1846, leaving a will that was made in 1843, and

admitted to probate in the Surrogate's Court of Dutchess county on the 4th day of June, 1846. Of that will the clauses here pertinent are:

"Also I give and devise to my son Elijah Dodge the certain piece of land [describing it], and at the decease of the said Elijah Dodge, the above described premises with the appurtenances shall go to and immediately vest in my three grandchildren hereinafter named and to their heirs and assigns forever. Also I give and devise to my three grandchildren the children of my son Newel Dodge, 2nd, viz.: Mary E. Dodge, William Dodge and Ann Dodge, all the residue and remainder of the said pond farm not hereinbefore effectually disposed of, also one other piece of land [describing it], all of which land as above described I give to them, their heirs and assigns forever (with the privilege of going to and from said land, * * *), all of which premises I devise to my three above named grandchildren in manner following, viz.: to be equally divided between them when they shall respectively arrive at the age of 21 years but if any one of [sic] more of them shall die before arriving at that age or at any other time leaving no living descendant or descendants, then his, her or their share or shares shall immediately vest in and go to the survivor or survivors of them as aforesaid."

Elijah Dodge, the life tenant, having survived the testator, died prior to the execution and delivery of the deeds by which William Dodge undertook to convey the real estate.

All of the three grandchildren survived the testator and all of them arrived at the age of 21 years.

Mary E. married and had two children. She sold her interest in the parcel, conveying the same by a quitclaim deed.

Ann married and had one child. She died intestate, leaving the child and husband her surviving. Thereafter, by infancy proceedings, the interest of the child, as the heir of Ann, was sold, and the surviving husband also disposed of his interest.

William survived Mary E. and Ann. He died leaving no living descendant. By various mesne conveyances he had acquired one-half the share devised to his sister Mary, and subsequently, by a full covenant and warranty deed, he sold an undivided half of the two parcels last described in the quoted clauses of the will.

In the quoted clauses it will be observed that three separate parcels are devised. The first is devised to Elijah Dodge for life, with remainder over to the three grandchildren. The plaintiff asserts, the defendant in his brief does not dispute, and we are of the opinion that the effect of that provision was a devise to the grandchildren of a vested remainder in fee, free from any condition which might attach to the testamentary disposition of the other two parcels which were the subject of the second clause, and that William Dodge's deed passed a good and marketable title to his share in the first-mentioned parcel. Washbon v. Cope, 144 N. Y. 287, 297, 39 N. E. 388.

The defendant contends that by the second clause quoted, disposing of the other two parcels, William Dodge took a fee subject to a conditional limitation in favor of both or either of his sisters who should survive him, in the event of his death without a living descendant, or, in the event of the death of both sisters before his death without leaving a descendant, that the testator died intestate as to that share, or it went to testator's residuary estate.

We are not required to determine who are the owners of the real

property secondly described in the clause quoted, if we decide that William Dodge was not the owner at the time of his conveyance to plaintiff's predecessor in title.

As all the devisees attained the age of 21 years, it is not necessary to discuss or determine what would have been the result of the death of William Dodge, or either or both of the other devisees, before arriving at that age, either before or after the death of the testator.

A rule of construction is: Where there is a devise to one person absolutely and without restriction, and in case of his death to another, even where the alternative devise is made to depend upon the death of the first-named devisee "without children," "without issue," "without descendants," the contingency referred to is the death of the first-named devisee during the lifetime of the testator, and if such devisee survives the testator he takes an absolute fee. This rule is well settled, and is uniformly applied unless there is some expression in the will indicating a different intention on the part of the testator. Matter of N. Y., L. & W. R. Co., 105 N. Y. 89, 92, 11 N. E. 492, 59 Am. Rep. 478; Stokes v. Weston, 142 N. Y. 433, 437, 37 N. E. 515; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11.

The defendant professes to find in the words "or at any other time" a provision that qualifies the effect of the rule. We believe the words to be no more than declaratory of the ordinary import of the words upon which the rule to which we have adverted is formulated. In Mead v. Maben, 131 N. Y. 255, 259, 30 N. E. 98, 99, the court said:

"The rule must yield if, upon consulting the other provisions of a will, we can find a warrant for importing into the language used by the testator the natural and an ordinary significance. It cannot be denied that the ordinary import of the words, 'if any of my children shall die,' is that of a death of any of them at any time."

The words "at any other time," therefore, are not efficient, in contemplation of the rule and the reason for its establishment, to indicate a testamentary intention to fix the death of the first-named devisee (whose devise was expressed in language purporting to give him an estate in fee) as the particular event which would satisfy the contingency upon which the vesting of the estate depended. We require a more definite expression by the testator to induce us to reject his words purporting to devise an estate of inheritance, and to hold that, despite them, he intended that the first-named devisee should take only a conditional fee defeasible by his dying leaving him surviving no living descendant. The words are merely substitutionary, and mean at any other time during the life of the testator, and were used for the purpose of preventing a lapse of the devise in case the first devisee named should not be living at the death of the testator. The general scheme betrays a general purpose in the mind of the testator: (1) To dispose of all his estate by will; (2) to devise separate parcels to divers family branches of his descendants. It would be doing violence to that scheme to adopt a construction which would throw the real property involved into a residuary estate in which no member of that branch to which the first-named devisee belonged had any right of participation, or which would declare that if the devise of the residue

were inoperative, the testator died intestate as to the estate of inheritance in the parcels of property involved, upon the happening of the events referred to in the agreed statement of facts. It is our opinion that the general rule must be applied, and that the will contains nothing to indicate an intention which interferes with its operation. Upon the death of the testator an absolute estate in fee to an undivided one-third interest in the parcels of real property last described in the clauses quoted was vested in William Dodge.

Judgment should be ordered for the plaintiff, with costs. All concur.